Case 4:13-cv-00325-A   Document 10   Filed 06/12/13   Page 1 of 9   PageID 173

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 12 2013
CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-325-A |
| | § | (NO. 4:11-CR-034-A) |
| ANTHONY RODDEN | § | |

## MEMORANDUM OPINION
## AND
## ORDER

After having considered the motion filed by Anthony Rodden ("Rodden") on April 22, 2013, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, the memorandum filed by Rodden in support of his motion, the government's response to the motion, pertinent parts of the record of the above-captioned criminal case, and pertinent legal authorities, the court has concluded that such motion should be denied.

I.

Background

Rodden pleaded guilty to violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for trafficking in methamphetamine that had been brought into the United States from Mexico. He was sentenced to a term of imprisonment of 235 months. His sentence was affirmed in his appeal to the Fifth Circuit, United States v. Rodden, 481 Fed. App'x 985 (5th Cir. 2012), and the Fifth Circuit denied his

petition for rehearing. Rodden did not seek certiorari review. His motion under § 2255 was timely.

Rodden raised three grounds in his § 2255 motion, first, that he was provided ineffective assistance of counsel in negotiating his guilty plea, second, that he was provided ineffective assistance of counsel at sentencing, and, third, that he was provided ineffective assistance of counsel on appeal. His trial and appellate counsel was Gary D. Smart ("Smart").

Rodden recited in his motion as facts supporting his claim of ineffective assistance of counsel in negotiating his guilty plea the following:

> Movant asserts that ineffective assistance of counsel renders his guilty plea involuntary because his attorney misinformed Movant of the plea's consequences, and failed to seek or explain other options. Had Movant understood the consequences of the open guilty plea, he would not have plead guilty and would have proceeded to trial.

Mot. at 4. He alleged as facts supporting his claim of ineffective assistance of counsel at sentencing the following:

> Counsel's performance was deficient at sentencing where counsel failed to object to: a) drug quantity-conversion errors; b) weapon enhancement; c) Movant provided false document; d) Movant induced false testimony - creating a conflict of interest; e) obstruction of justice enhancement, and; f) denial of acceptance of responsibility reduction. Had counsel objected and presented arguments in support, Movant's sentence would have been much less harsh. Counsel also raised frivolous objections foreclosed by Fifth Circuit

2

precedent and presented testimony with knowledge of the Court's tentative finding of falsity.

Id. at 5. And, he alleged as facts supporting his claim of ineffective assistance on appeal the following:

> Counsel labored on appeal under an actual conflict of interest; failed to raise meritorious issues; raised issues under plain error review and a frivolous foreclosed issue, and; filed a frivolous petition for rehearing.

Id. at 7. In each instance, Rodden incorporated by reference his memorandum in support of the motion.

## II.

## Applicable Standards

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if

4

the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

### III.

### Analysis

A. Rodden's Claim of Ineffective Assistance of Counsel in Negotiating His Guilty Plea is Without Merit

The record of the rearraignment hearing at which Rodden entered his guilty plea could not make any plainer that Rodden knew exactly what he was doing when he entered his guilty plea, that he was fully informed of the consequences of entering the guilty plea, and that he was not motivated to enter his guilty plea by any misinformation provided to him by his counsel or by

his counsel's failure to fully advise him of the consequences of entering the plea. The government summarizes at pages 13-16 of its response to the motion pertinent parts of the record of the rearraignment hearing. When the entire record is considered, the conclusion is inescapable that Rodden's claim of ineffective assistance of counsel in negotiating the guilty plea is without the slightest merit. Not only does Rodden fail to persuade the court that his counsel engaged in any inappropriate conduct related to the entry of the guilty plea, he provides nothing that would suggest to the court that Rodden would have refrained from entering a guilty plea if the conduct of his attorney had been different from what it was.

B. Rodden's Claim of Ineffective Assistance of Counsel at Sentencing is Without Merit

The only area of potential concern related to the conduct of Smart in the sentencing process has to do with the probation officer's error in the calculation of the quantity of drugs for which Rodden should be accountable at sentencing. This error is discussed at pages 17-19 of the government's response. According to the government, the error had the effect of increasing Rodden's advisory guideline imprisonment range from 188 to 235 months to 235-240 months. However, Rodden has failed to persuade the court that Smart's failure to detect, and complain of, that

6

error caused his performance to fall below an objective standard of reasonableness. Moreover, the court is not persuaded that there is a reasonable probability that Rodden would have received a different sentence of imprisonment if there had not been an error in the advisory guideline imprisonment calculation. The record of the sentencing hearing makes clear that the court was guided by the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence, and that the consideration of those factors led to the 235-month term of imprisonment. Sentencing Tr. at 35.

Rodden has presented nothing that would cause the court to believe that either of the components of an ineffective assistance of counsel claim has been established as to Smart's conduct relative to the sentencing process.

C. Rodden's Claim of Ineffective Assistance of Counsel on Appeal is Without Merit

Similarly, Rodden has failed to persuade the court that either component of his ineffective assistance of counsel on appeal claim has been established. Rodden seems to be of the view that the mere fact that Smart presented issues to the Fifth Circuit that were determined to be meritless proves that Smart was ineffective in his representation of Rodden on appeal. Of course, that is not so. The fact that Smart was unsuccessful in

Rodden's appeal does not establish that he was ineffective or that the unsuccessful issues he raised were nonsensical or frivolous. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983). While Rodden complains of Smart's conduct in handling his appeal, he never identifies what Smart should have done differently that would have convinced the Fifth Circuit that this court committed a reversible error. Rodden does not make any showing that the outcome of his appeal would have been different from what it was if Smart had conducted himself in the representation of Rodden on the appeal in a different manner.

D. Conclusion

Rodden has presented nothing in his motion to persuade the court that he has suffered from any transgression of his constitutional right to be provided effective assistance of counsel at all stages of his criminal proceeding. Nothing of which Rodden complains suggests that Rodden suffered a miscarriage of justice, complete or otherwise. Rather, Rodden appears to be seeking another bite at the apple by using the habeas process as a vehicle for another appeal.

For all the reasons stated above, the court has concluded that Rodden's motion should be denied.

IV.

Order

Therefore,

The court ORDERS that Rodden's motion under 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED June 12, 2013.

_____
JOHN McBRYDE
United States District Judge